### In the Matter of Patricia S. BEECHER, Respondent.

No. 45S00–1307–DI–457.

Supreme Court of Indiana.

March 6, 2014.

*PUBLISHED ORDER FINDING RE-SPONDENT IN CONTEMPT OF COURT AND IMPOSING FINE*

On July 1, 2013, the Commission filed a "Verified Petition to Determine Disability," to which was attached Respondent's "Affidavit of Consent to Disability Suspension." Pursuant to Admis. Disc. R. 23(25), "Proceedings to Determine Disability," the Court entered an agreed "Published Order Suspending Respondent from the Practice of Law in Indiana for Disability" on August 8, 2013, suspending Respondent from the practice effective as of the date of the order.

The Commission filed a "Verified Information and Motion for Order to Show Cause Why the Respondent Should Not Be Held in Contempt of Court" on October 28, 2013, alleging that Respondent appeared in the Merrillville Town Court on August 26, 2013, and informed the judge that she had been suspended but that her suspension did not take effect for 45 days. Based on this representation, the judge allowed Respondent to continue to represent clients in court.

The Court issued an order to show cause on November 8, 2013. Respondent, by counsel, filed a response on December 24, 2013, which was amended on January 2, 2014. Through counsel, Respondent admits that she appeared in Merrillville Town Court on August 26, 2013, while suspended. She states, however, that she and her counsel had discussed filing a petition for additional time to close her practice soon after her suspension took effect on August 8, that counsel unfortunately did not file a petition until August 26 (it was actually filed on August 28—after she appeared in court), and that she was under the mistaken belief that she had been granted additional time. The Court notes that it *denied* Respondent's request for postponement of the effective date of her suspension by order dated September 26, 2013.

Based on Respondent's admissions, the Court finds that Respondent was in contempt of this Court when she appeared and represented clients in court on August 26, 2013, knowing she had been suspended as of August 8, yet affirmatively assuring the judge that her suspension had been postponed without any knowledge of whether a motion to postpone the effective date had even been filed (it had not), let alone whether it had been granted (it was not).

This Court has inherent and statutory authority to punish contempt of court by fine and imprisonment. *See Matter of Mittower,* 693 N.E.2d 555, 559 (Ind.1998). In determining an appropriate punishment, the Court considers, among other factors, any continuing risk to the public or profession. *See id.* Respondent's violation of the suspension order appears to be limited to a single, now completed event. Under the circumstances, the Court concludes that a fine of $300.00 is sufficient

discipline for Respondent's contempt of court by practicing law while suspended.

The Court therefore ORDERS that Respondent **be fined the sum of $300.00.** Respondent shall remit this amount within 60 days of the date of this order to the Clerk of the Indiana Supreme Court, Court of Appeals and Tax Court.

The costs of this proceeding are assessed against Respondent.

The Clerk is directed to forward a copy of this Order to the parties or their respective attorneys and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur except RUCKER, J., who would decline to find Respondent in contempt, concluding that Respondent's action was simply a matter of miscommunication between Respondent and her attorney.